UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

EILEEN CANCEL ROSAS,

    Plaintiff,

v.                                                      CASE NO. 6:22-cv-89-MCR

ACTING COMMISSIONER OF
THE SOCIAL SECURITY
ADMINISTRATION,

    Defendant.
_____/

## MEMORANDUM OPINION AND ORDER[1]

**THIS CAUSE** is before the Court on Plaintiff's appeal of an administrative decision regarding her application for a period of disability and disability insurance benefits ("DIB"). Following an administrative hearing held on March 8, 2021, the assigned Administrative Law Judge ("ALJ") issued a decision, finding Plaintiff not disabled from March 14, 2019, the alleged disability onset date, through December 31, 2020, the date last insured.[2] (Tr. 28-76.) Based on a review of the record, the briefs, and the applicable law, the Commissioner's decision is **AFFIRMED**.

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. (Doc. 21.)

[2] Plaintiff had to establish disability on or before her date last insured in order to be entitled to a period of disability and DIB. (Tr. 28.)

I.   **Standard of Review**

The scope of this Court's review is limited to determining whether the Commissioner applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the Commissioner's findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating the court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings).

II.   **Discussion**

    A.   **Issue on Appeal**

Plaintiff argues that the ALJ's Residual Functional Capacity ("RFC") assessment is not supported by substantial evidence, because the ALJ failed to properly evaluate the treating opinions of Concepcion Barreto, M.D. by using the factors of supportability and consistency according to the new Social Security Administration ("SSA") rules and regulations. (Doc. 23 at 15.) Plaintiff states that Dr. Barreto opined on nine occasions[3] from June 13, 2018 through August 19, 2020 that Plaintiff was unable to work. (*Id.* at 17.) According to Plaintiff, the ALJ mentioned only one of Dr. Barreto's work-preclusive opinions—the one from September 13, 2019—and found it to be unpersuasive, but did not mention or evaluate Dr. Barreto's identical opinions from other visits. (*Id.*) Plaintiff explains:

> The ALJ's finding that Dr. Barreto's 9/13/19 opinion is

---

[3] Actually, the eight visits during which Dr. Barreto opined that Plaintiff was "unable to work due to history of physical/pain condition and chronic mental state" and had "limited activities of daily living," were dated: June 13, 2018; August 10, 2018; October 22, 2018; January 25, 2019; September 13, 2019; December 6, 2019; April 3, 2020; and August 19, 2020. (Tr. 981, 996-97, 1017, 1035, 1049, 1054, 1064, 1093 (stating the patient was "unable to work due to both chronic physical pain and chronic mental health issues which limit the patient's [activities of daily living]").) On three other occasions—on April 19, 2019, June 21, 2019, and January 31, 2020—Dr. Barreto did not include such opinion in his notes. (Tr. 1038, 1043, 1057.)

On December 6, 2019, Dr. Barreto wrote: "This is a chronically mentally ill patient in need of constant medical evaluation/supervision of an ever[-]changing mental health status." (Tr. 1053.) On June 26, 2020, Dr. Barreto wrote: "Patient is oriented not to go out of the home only for essential things[.]" (Tr. 1089.)

In other words, during the relevant period, Dr. Barreto opined on four occasions (on September 13, 2019; December 6, 2019; April 3, 2020; and August 19, 2020) that Plaintiff was unable to work, and on three other occasions (on April 19, 2019; June 21, 2019; and January 31, 2020), he did not include such opinion in his records.

>inconsistent with his statement of the same date – that Ms. Rosas' condition was "stable within the parameters of the updated symptoms" – improperly relies on a snapshot of Ms. Rosas' ever-changing mental status, ignores Dr. Barreto's longitudinal treatment history with Ms. Rosas and his prior opinions and does not constitute substantial evidence to support the ALJ's finding of inconsistency. As set forth in 20 C.F.R. § 404.1520c(b)(1), . . . the ALJ was required to consider or evaluate ***all of Dr. Barreto's opinions*** and could use a single analysis to do so but was not required to articulate how he considered each separate opinion. However, the ALJ failed to include in a single analysis an evaluation of all Dr. Barreto's opinions. The ALJ may have found Dr. Barreto's 9/13/19 [opinion] more persuasive – and included greater functional limitations in the RFC – had the ALJ been aware of and evaluated Dr. Barreto's other eight opinions rendered over several years. However, this [C]ourt can only surmise what the ALJ would have determined had he reviewed and evaluated Dr. Barreto's other eight opinions in the context of the treatment records at the times such opinions were written.

(*Id.* at 20-21 (emphasis in original).) In summary, Plaintiff contends that "[t]he ALJ failed to properly evaluate the multiple medical opinions of Concepcion Barreto, M.D., a treating physician, for consistency with the overall record and for supportability with Dr. Barreto's own records, and, therefore, the ALJ's RFC determination is not supported by substantial evidence." (*Id.* at 22.)

Defendant responds that the ALJ properly evaluated the medical opinions of record and his decision is supported by substantial evidence. (Doc. 24 at 1.) Defendant contends that the ALJ "was not required to provide an analysis of Dr. Barreto's statements because they are statements on an

4

issue reserved to the Commissioner," rather than medical opinions. (*Id.* at 1, 7.) Defendant adds:

> Although the ALJ was not required to provide an analysis of Dr. Barreto's statement that Plaintiff is unable to work because it is a statement on an issue reserved to the Commissioner, he nonetheless found the statement was not persuasive, explaining that it was not supported by treatment notes showing normal mood, appropriate affect, intact insight and judgment, normal speech, intact short and long term memory, denial of suicidal/homicidal ideations, and was inconsistent with statements that Plaintiff was stable (Tr. 44 citing Ex. B14F [Tr. 783-1066], B16F [Tr. 1074-1096], B14F/267-68 [Tr. 1049-50]). *See* C.F.R. §[§] 404.1520c(c)(1) (supportability), (c)(2) (consistency).

(*Id.* at 8.) Further, while Dr. Barreto noted impaired work functioning, need for medical management and supervision, mental status examination findings, and increased medication dosage, Defendant argues that the ALJ did not have to analyze such findings pursuant to 20 C.F.R. § 404.1520c because they constitute objective medical evidence, rather than medical opinions. (*Id.* at 9.) Defendant adds that "Plaintiff fails to explain what [additional] limitations the evidence from her treatment notes supports." (*Id.* at 9-10.)

### B. Standard for Evaluating Opinion Evidence

The ALJ is required to consider all the evidence in the record when making a disability determination. *See* 20 C.F.R. § 404.1520(a)(3). With regard to medical opinions, the rules in 20 C.F.R. § 404.1520c apply to claims

5

filed on or after March 27, 2017.[4] *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 F.R. 5844-01, 2017 WL 168819 (Jan. 18, 2017). Because Plaintiff's claim was filed after March 27, 2017, the Court applies the revised rules and regulations in effect at the time of the ALJ's decision.

Under the revised rules and regulations, the ALJ need "not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) . . . , including those from [the claimant's] medical sources." 20 C.F.R. § 404.1520c(a). The ALJ will articulate in the administrative decision how persuasive all of the medical opinions are in the case record, 20 C.F.R. § 404.1520c(b), but need not articulate how evidence from non-medical sources has been considered, 20 C.F.R. § 404.1520c(d).

"When a medical source provides one or more medical opinions," those opinions will be considered "together in a single analysis," using the factors listed in 20 C.F.R. § 404.1520c(c)(1) through (c)(5), as appropriate. 20 C.F.R. § 404.1520c(a), (b)(1). The ALJ is "not required to articulate how [he/she] considered each medical opinion . . . from one medical source individually." 20 C.F.R. § 404.1520c(b)(1).

When evaluating the persuasiveness of medical opinions, the most

---

[4] The rules in 20 C.F.R. § 404.1527 apply to claims filed before March 27, 2017.

6

important factors are supportability[5] and consistency.[6] 20 C.F.R. § 404.1520c(a), (b)(2). Thus, the ALJ "will explain how [he/she] considered the supportability and consistency factors for a medical source's medical opinions" in the determination or decision but is not required to explain how he/she considered the rest of the factors listed in 20 C.F.R. § 404.1520c(c). 20 C.F.R. § 404.1520c(b)(2). As explained by another court in this District:

> Overall, supportability relates to the extent to which a medical source has articulated support for the medical source's own opinion, while consistency relates to the relationship between a medical source's opinion and other evidence within the record. In other words, the ALJ's analysis is directed to whether the medical source's opinion is *supported* by the source's own records and *consistent* with the other evidence of record—familiar concepts within the framework of social security litigation.

*Cook v. Comm'r of Soc. Sec.*, No. 6:20-cv-1197-RBD-DCI, 2021 WL 1565832, *3 (M.D. Fla. Apr. 6, 2021) (emphasis in original) (report and recommendation adopted by 2021 WL 1565162 (M.D. Fla. Apr. 21, 2021)). When "two or more medical opinions . . . about the same issue are both equally well-supported . . . and consistent with the record . . . but are not

---

[5] "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) . . . , the more persuasive the medical opinions . . . will be." 20 C.F.R. § 404.1520c(c)(1).

[6] "The more consistent a medical opinion(s) . . . is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) . . . will be." 20 C.F.R. § 404.1520c(c)(2).

7

exactly the same," the ALJ will articulate how he/she considered the other most persuasive factors listed in 20 C.F.R. § 404.1520c(c)(3) through (c)(5), which include a medical source's relationship with the claimant,[7] specialization, and other factors.[8] 20 C.F.R. § 404.1520c(b)(3).

### C. The ALJ's Decision

At step two of the sequential evaluation process,[9] the ALJ found that Plaintiff had the following severe impairments: back disorders, including lumbar and cervical degenerative disc disease ("DDD") with a history of cervical fusion[10]; rheumatoid arthritis; fibromyalgia; hypothyroidism; headaches; depressive disorder; and anxiety-related disorder. (Tr. 30.) At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one

---

[7] The relationship with the claimant factor combines consideration of the following issues: the length of the treatment relationship, the frequency of the examinations, the purpose of the treatment relationship, the extent of the treatment relationship, and the examining relationship. 20 C.F.R. § 404.1520c(c)(3)(i)-(v).

[8] The other factors may include: the medical source's familiarity with the other evidence in the claim; the medical source's understanding of the disability program's policies and evidentiary requirements; and the availability of new evidence that may render a previously issued medical opinion more or less persuasive. 20 C.F.R. § 404.1520c(c)(5).

[9] The Commissioner employs a five-step process in determining disability. *See* 20 C.F.R. § 404.1520(a)(4).

[10] Plaintiff points out in her brief that she did not have a history of cervical fusion. (*See* Doc. 23 at 15 n.11.)

of the listed impairments. (Tr. 31.)

Then, before proceeding to step four, the ALJ determined that Plaintiff had the RFC to perform less than the full range of sedentary work as follows:

> [The claimant] can lift, carry, push and/or pull ten (10) pounds occasionally. She can stand and walk for about two (2) hours and sit for up to six (6) hours in an 8-hour workday with normal breaks. She could occasionally climb stairs, stoop, kneel, crouch and crawl, but should never climb ladders or scaffolds. She could do no more than occasional flexion, rotation and extension of the neck. Reaching overhead, handling and fingering is limited to frequently. She must avoid moderate exposure to vibration, unprotected heights and hazardous machinery. During the eight-hour workday, she must avoid concentrated exposure to extreme heat, cold, wetness, humidity, and irritants such as fumes, odors, dust and gases. She could perform tasks that are simple and that can be learned in 30 days or less. This person can occasionally interact with coworkers and the public. This person is limited to low stress work, defined as having only occasional decision-making and changes in the work setting.

(Tr. 34.) The ALJ stated that he had "considered all symptoms and the extent to which these symptoms [could] reasonably be accepted as consistent with the objective medical evidence and other evidence." (*Id.*)

After summarizing Plaintiff's testimony and physical impairments, the ALJ addressed Plaintiff's mental impairments, including her treatment at Compass Counseling Services. (Tr. 34-41.) The ALJ stated, in relevant part:

> A discharge summary from January 21, 2019, showed the claimant began treatment on April 8, 2016, and she was discharged from treatment on January 21, 2019. The discharge summary indicated the claimant reported that she no longer needed services. The problems addressed were anxiety and depression. Her self-care skills were intact and unimpaired. The

9

> claimant had reached all treatment goals and she was being successfully discharged. . . .
>
> The claimant returned to Compass Counseling Services, LLC for continuation of care. Progress notes from April 19, 2019, by Concepcion Barreto, M.D., showed the claimant reported that she was very anxious and her anger tolerance was low at times. She got frustrated too. She showed minimal apparent treatment response. . . . On examination, the claimant appeared sad looking, distracted, casually groomed, . . . anxious, and tense. . . . Insight into problems appeared fair. There were signs of anxiety. She was easily distracted. She was sensitive to noise during the examination. . . .
>
> Progress notes from June 21, 2019, revealed the claimant showed a partial treatment response. Symptoms of anxiety were present. . . . The diagnoses were major depressive disorder, recurrent[,] severe without psychotic features and anxiety disorder, unspecified. . . .
>
> Progress notes from September 13, 2019, by Dr. Barreto showed the claimant reported she was being treated at the pain clinic due to her cervical and lumbar condition. . . . Insight and judgment were fair. Dr. Barreto indicated that the claimant was unable to work due to history of physical/pain condition and chronic mental state. The claimant also had limited activities of daily living. Since she was stable within the parameters of the updated symptoms, she was given refills of the same medication regimen. She was on Trazodone, Xanax and Cymbalta.

(Tr. 40-41.) The ALJ also discussed Dr. Barreto's progress notes from December 6, 2019, January 31, 2020, and August 19, 2020, and specifically noted that on August 19, 2020, Dr. Barreto indicated that Plaintiff "was unable to work due to both chronic physical pain and chronic mental health issues, which limited her [activities of daily living]." (Tr. 41-42.)

Then, as part of his evaluation of the opinion evidence, the ALJ stated:

10

> Dr. Barreto indicated that the claimant was unable to work due to history of physical/pain condition and chronic mental state. The claimant also had limited activities of daily living. (Exhibit B14F/267-268). This opinion was not persuasive, as the record did not support it. Dr. Barreto's treatment notes showed unremarkable mental status examinations such as normal mood and appropriate affect, intact insight and judgment, normal speech, short and long-term memory were intact, and she denied suicidal/homicidal ideations and hallucinations. (Exhibits B14F and B16F). Furthermore, this opinion was not consistent with Dr. Barreto's statement that the claimant was stable within the parameters of the updated symptoms. (Exhibits B14F/267-268).

(Tr. 44.)

At step four, the ALJ determined that Plaintiff was unable to perform any past relevant work. (*Id.*) At the fifth and final step of the sequential evaluation process, considering Plaintiff's age, education, work experience, RFC, and the testimony of the vocational expert ("VE"), the ALJ determined that there were jobs existing in significant numbers in the national economy that Plaintiff could perform, such as a sorter (DOT No. 521.687-086), an assembler (DOT No. 706.684-030), and a final assembler (DOT No. 713.687-018). (Tr. 45-46.) Therefore, the ALJ concluded Plaintiff was not disabled from March 14, 2019 through December 31, 2020. (Tr. 46.)

### D.   Analysis

The Court finds that the ALJ's decision is based on correct legal standards and is supported by substantial evidence in the record. The ALJ properly evaluated Dr. Barreto's opinions/statements under the new SSA

11

rules and regulations and his findings are supported by substantial evidence.[11] As Defendant points out, Dr. Barreto's statement that Plaintiff was "unable to work due to history of physical/pain condition and chronic mental state" and his almost identical statement that Plaintiff was "unable to work due to both chronic physical pain and chronic mental health issues which limit[ed] [her activities of daily living]," are statements on an issue reserved to the Commissioner. *See* 20 C.F.R. § 404.1520b(c)(3)(i) ("Because [statements that you are or are not disabled, . . . able to work, or able to perform regular or continuing work are] inherently neither valuable nor persuasive to the issue of whether you are disabled . . . , we will not provide any analysis about how we considered such evidence in our determination or decision, even under § 404.1520c[.]"); *see also Glasby v. Soc. Sec. Admin.*, No. 21-12093, 2022 WL 1214015, *3 (11th Cir. Apr. 25, 2022) (per curiam) (holding that "the ALJ did not err in applying the new regulations to find that the opinion of [claimant's] treating physician—as to whether [claimant] was disabled—was an issue reserved to the Commissioner"); *Cianfrani v.*

---

[11] "While the ALJ may not have used the words 'supportability' and 'consistency,' the ALJ's discussion of [Dr. Barreto's] opinions and findings regarding the record was based on those factors." *Cook v. Comm'r of Soc. Sec.*, No. 6:20-cv-1197-RBD-DCI, 2021 WL 1565832, *5 (M.D. Fla. Apr. 6, 2021) (report and recommendation adopted by 2021 WL 1565162 (M.D. Fla. Apr. 21, 2021)); *see also Thaxton v. Kijakazi*, No. 1:20-cv-616-SRW, 2022 WL 983156, *8 (M.D. Ala. Mar. 30, 2022) (stating that "the ALJ need not use any magic words in discussing whether a medical opinion is supported by evidence from the medical source himself and whether the opinion is consistent with other evidence of record").

*Comm'r of Soc. Sec.*, No. 2:20-cv-24-FtM-MRM, 2021 WL 973494, *4 (M.D. Fla. Mar. 16, 2021) (finding that a treating physician's statement on plaintiff's ability to work on a part-time or full-time basis was not a "medical opinion" within the meaning of the regulations and, as such, the ALJ was not required to place any value on it).

Although the ALJ was not required to provide any analysis about how he considered Dr. Barreto's work-preclusive statements, he nevertheless determined that they were "not persuasive" as inconsistent with Dr. Barreto's statement that Plaintiff was stable within the parameters of the updated symptoms and unsupported by the record, including Dr. Barreto's treatment notes, which showed unremarkable mental status examinations, such as normal mood; appropriate affect; intact insight, judgment, short- and long-term memory; normal speech; no hallucinations; and no suicidal/homicidal ideations. (Tr. 44.)

The ALJ's evaluation of Dr. Barreto's statements is supported by substantial evidence in the record during the relevant period. (*See* Tr. 1039 (noting normal speech, appropriate mood and affect, fair insight, intact memory, no hallucinations, and no suicidal/homicidal ideations, but noting sad demeanor, signs of anxiety, and sensitivity to noise); Tr. 1043-44 (noting that Plaintiff appeared anxious and tense, but had normal speech, intact insight and judgment, no hallucinations, and no suicidal/homicidal ideations);

13

Tr. 1048 (noting stable behavior, normal speech, normal mood, appropriate affect, fair insight and judgment, no hallucinations, and no suicidal/homicidal ideations, despite appearing guarded, distracted, and tense); Tr. 1049 ("Since the patient is fairly stable within the parameters of the updated symptoms today we will refill the same medication regimen."); Tr. 1053 (noting normal mood and speech, intact insight and judgment, no hallucinations, and no suicidal/homicidal ideations, but noting signs of anxiety and chronic mental illness "in need of constant medical evaluation/supervision of an ever changing mental health status"); Tr. 1058 (noting normal mood and speech, intact insight and judgment, no hallucinations, and no suicidal/homicidal ideations, but noting signs of anxiety and sensitivity to noise); Tr. 1063 (noting that Plaintiff's mental status had "no gross abnormalities"; she had normal mood and speech, intact insight and judgment, no hallucinations, and no suicidal/homicidal ideations, despite signs of anxiety); Tr. 1088-89[12] (noting normal speech, no evidence of "depression nor mood elevation," fair insight and judgment, no hallucinations, and no suicidal/homicidal ideations, but noting a short attention span, restlessness, and sensitivity to noise); Tr.

---

[12] There are some internal inconsistencies in Dr. Barreto's notes. For example, on June 26, 2020, he stated, "There are no apparent signs of anxiety," but on the following line, he wrote, "There are signs of anxiety." (Tr. 1089.) Then, on August 19, 2020, Dr. Barreto wrote: "Fair progress in reaching goals and resolving this problem seemed apparent today[.] Moderate progress in reaching goals and resolving this problem seemed present today[.]" (Tr. 1094.) These are just two examples of observed inconsistencies in Dr. Barreto's progress notes.

14

1093 (noting normal speech; intact memory, orientation, general cognitive ability, insight, and judgment; no hallucinations; and no suicidal/homicidal ideations, but noting constricted affect and minor signs of anxiety).) Plaintiff does not seem to cite to other evidence in the record that is inconsistent with the ALJ's findings or that would support additional limitations beyond those already included in the ALJ's RFC assessment.

Even assuming that Dr. Barreto's statements at issue were medical opinions, the ALJ adequately considered them and his findings, as shown above, are supported by substantial evidence. The ALJ was not required to articulate how he considered each medical opinion from a single medical source individually. *See* 20 C.F.R. § 404.1520c(b)(1). Further, contrary to Plaintiff's argument that the ALJ was apparently unaware of Dr. Barreto's other opinions or treatment records in connection with such opinions (*see* Doc. 23 at 18), the ALJ expressly discussed, in sufficient detail, a number of Dr. Barreto's progress notes, including those from April 19, 2019, June 21, 2019, September 13, 2019, December 6, 2019, January 31, 2020, and August 19, 2020 (*see* Tr. 40-42). Notably, in addition to discussing Dr. Barreto's September 13, 2019 work-preclusive statement, the ALJ also discussed Dr. Barreto's almost identical statement from August 19, 2020. (Tr. 41-42.) Although the ALJ did not separately address Dr. Barreto's progress notes from April 3, 2020 and June 26, 2020, he was not required to do so. So long

15

as the ALJ's findings are based on correct legal standards and are supported by substantial evidence, as they are here, the ALJ's decision should be affirmed.

### III. Conclusion

The Court does not make independent factual determinations, re-weigh the evidence, or substitute its decision for that of the ALJ. Thus, the question is not whether the Court would have arrived at the same decision on *de novo* review; rather, the Court's review is limited to determining whether the ALJ's findings are based on correct legal standards and supported by substantial evidence. Based on this standard of review, the ALJ's decision that Plaintiff was not disabled within the meaning of the Social Security Act for the time period in question is due to be affirmed.

Accordingly, it is **ORDERED**:

1. The Commissioner's decision is **AFFIRMED**.

2. The Clerk of Court shall enter judgment accordingly, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, on March 3, 2023.

_____
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record

17